HOBERT SPENCER, Appellee, v. E. T. LIKES, Appellant.

No. 41213.

MARCH 15, 1932.

REHEARING DENIED JUNE 24, 1932.

Hanke & Stevens, for appellee.

J. A. Dyer, for appellant.

DE GRAFF, J.—The plaintiff-appellee Hobert Spencer and the defendant-appellant, E. T. Likes, constituted a partnership under the name of Likes and Spencer, engaged in a certain business in Des Moines. On February 25, 1931, the plaintiff Spencer filed a petition in the Municipal Court of Des Moines alleging that on July 21, 1930, he entered into a contract with the defendant by the terms of which contract plaintiff Spencer sold the interest which he had in the partnership to the defendant Likes. The pleaded contract reads as follows:

"This contract made and entered into this 21st day of July, 1930, by and between E. T. Likes, party of the first part, and Hobert Spencer, party of the second part, as follows: Party of the first part has purchased from party of the second part all

of his interest in the partnership of Likes and Spencer including his interest in a lease of Lots Eleven and Twelve in Block Three in Bird's Addition, an official plat now included in and forming a part of the City of Des Moines, Iowa, for the consideration of $1200.00 to be paid as follows: $100.00 cash, $66.50 in thirty days, $66.50 in sixty days, $67.00 in ninety days from this date, and party of the first part is to satisfy a debt of $900.00 which party of the second part owes to party of the first part. Deferred payments to add 6% interest from date.

"(Signed) E. T. Likes, Hobert Spencer."

The contract aforesaid was dictated by Mr. Likes and written by Mr. Spencer. The parties to said contract are the only parties to this action, and the only witnesses called upon the trial.

The defendant Likes filed answer to plaintiff's petition by way of general denial, and further alleged that the plaintiff after disposing of his interest to Likes assigned said lease to one C. A. Linfor (not a party to this action), which assignment reads as follows:

"For Valuable Consideration, the receipt of which is hereby acknowledged, I hereby assign, transfer and set over unto C. A. Linfor all my right, title and interest in and to a certain lease of date June 4, 1930, by and between Trustees of the Frederick M. Hubbell Estate as lessor and E. T. Likes and Hobert Spencer, as lessee, covering the following described premises, situated in the City of Des Moines, Polk County, State of Iowa, to wit: Lots Eleven (11) and Twelve (12) in Block Three (3) Bird's Addition, an official plat now included in and forming a part of the City of Des Moines, Iowa. Said lease running for a term of twenty-five (25) years from and after the first day of June, A.D. 1930. And the said C. A. Linfor, as assignee, hereby accepts the said assignment and agrees to assume and perform all of the agreements and covenants of the lessee as expressed in said lease from and after August 1, 1930.

"In Witness Whereof the parties hereto have executed this assignment on this 15th day of August, 1930.

"(Signed) Hobert Spencer.

"Accepted by

"(Signed) C. A. Linfor.

"Witness: W. A. Kinnard."

The defendant Likes alleged in his answer that the agreement or contract of July 21, 1930, upon which plaintiff based his action at law for the recovery of the balance due the plaintiff, to wit, $134, was understood between the parties to this suit to be an option given by the plaintiff to the defendant so that the defendant Likes could convey plaintiff's interest in the firm of Likes & Spencer, and that the plaintiff knew it was not the intention of the defendant Likes to pay the sums named in the original contract, but that another person was to pay the same and that said person was one C. A. Linfor, and that the allegations of plaintiff's petition relative to said contract in suit were the terms which C. A. Linfor proposed to this plaintiff through the defendant Likes, acting as agent for both parties, and that the initial payment of $100 in compliance with the terms of said original contract and the subsequent payment of $66.50, as per terms of said contract of July 21, 1930, were paid by C. A. Linfor to the plaintiff herein; that the original contract between the parties to this action was vague, indefinite, and uncertain as to its terms. Wherefore, for the above reasons, the defendant Likes asked to have said cause transferred to the equity docket and be tried in equity, and that the contract in suit be held for naught and be set aside, as far as any liability is concerned with respect to the defendant Likes; and that the plaintiff Spencer be decreed to have no interest whatever in the partnership of Likes & Spencer. The cause was tried in equity, but the trial court rendered judgment against the defendant Likes for the sum of $134, as prayed, and for costs. The defendant excepted.

There is no question under the evidence but that the plaintiff Spencer owed defendant Likes $900, to which reference is made in the original contract between the partners. This was a personal obligation of Spencer to Likes.

At the time that the contract between the parties was signed and executed by them, the plaintiff Spencer, upon cross-examination, denied that said contract was merely an option. There was no prayer for reformation, nor was there proof of a novation.

"Q. Didn't you (Spencer) know that it was not the intention of either Dr. Likes or yourself that he would make any of these payments to you, but that he expected to turn it over to someone else who would make the payments,—wasn't that your understanding? A. No, sir."

Plaintiff Spencer also testified that he thought, on August 15, 1930, when the lease was assigned, he was merely signing the lease over to Mr. Likes.

"He came out there and said he wanted to get the lease straightened up. I didn't know where the assignment of the lease was drawn up or who did it. I did not pay any particular attention to what was in it. I never did have the assignment of the lease in my possession. Mr. Likes had it."

It is admitted by plaintiff Spencer that he owed Dr. Likes on this oil station, and when he signed the contract in suit that Spencer should be given credit for the $900 that Spencer owed Dr. Likes, and the credit was to be given "then and there," and the balance ($300) was to be paid in payments under the terms of the contract. That left a balance of $134.50 after the payments were made to Spencer through Likes. Plaintiff asks judgment in his petition in this action for $134.

The record stands that the original contract was between one partner Likes and the other partner Spencer. It is not clear from the record why the original contract omitted any reference to Linfor. The present contention of Likes is that he was simply acting as agent for the parties to find a purchaser, who later proved, according to the testimony of the defendant Likes, to be Linfor. There is a condition in the Hubbell lease, involved herein, that the lessee shall not transfer or assign this lease without the written consent of the lessor or assigns, "but in case of transfer or assignment, lessee shall not be released from personal liability." Likes testified that he was familiar with that clause of the lease.

The record discloses that the plaintiff, upon receiving the initial $100 under his contract with Likes, did not know he was receiving Linfor's check, and defendant Likes testified that he had nothing to do with the drawing up of the assignment of the lease in question, but that Mr. Linfor was the man "whose option" was expressed in the original contract. There was no option or novation as argued by appellant Likes. Likes denies that he ever paid plaintiff Spencer anything, either the initial payment of $100 or the $66.50.

We conclude that the personal liability of defendant Likes

was outstanding when this action was commenced, and that the trial court ruled the case correctly.—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.